IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Johnson<br><br>                    Petitioner,<br><br>v.<br><br>Conrad M Graber<br><br>                    Respondent. | No. cv-10-571-TUC-FRZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is the Amended Petition of Habeas Corpus (Habeas Petition) brought pursuant to Title 28, United States Code, Section 2241. (Doc. 5). Matthew Johnson (Petitioner) filed this Habeas Petition while confined in the Safford Federal Correctional Institution (FCI) in Safford, Arizona. (Doc. 5). Petitioner challenges the discipline hearing officer's finding that he engaged in a fight with another inmate, and requests that his lost good time credit be restored. For the reasons below, the Magistrate Judge recommends that the District Court deny the Habeas Petition.

**Factual and Procedural Background**

Petitioner is currently serving a 181-month sentence for cocaine possession and weapons related charges. (Doc. 8-1, Attachment 2, pp. 8-9)[1]. Petitioner's projected release date if he earns all Good Conduct Time is March 21, 2018. (Doc. 8-1, Attachment

---

[1] The Magistrate Judge cites to the pagination of the Court's CM/ECF case management system.

2, p. 10).

Petitioner seeks restoration of 27 days good time credit that he lost because of his involvement in a fight with another inmate. (Doc. 5, p.1). The altercation between Petitioner and another inmate, Napoleon Garcia-Villa (Garcia-Villa), occurred in the morning of December 25, 2009, in the kitchen area of the Federal Medical Center in Rochester, Minnesota. (Doc. 8-1, p. 17). Cook Foreman Richard Jones (Jones) witnessed the incident.

When Jones entered the kitchen area, he witnessed Petitioner running toward the north entrance door. (Doc. 8-1, p. 17). Petitioner's face and mouth were bleeding. *Id*. Garcia-Villa was chasing Petitioner with a sheet pan. *Id*. Jones ordered Garcia-Villa to stop pursuit and Garcia-Villa complied. *Id*. Meanwhile, Petitioner, who had briefly exited the kitchen through the north entrance door, returned to the kitchen holding a sheet pan. *Id*. Jones described Petitioner as holding the sheet pan in an "aggressive manner". *Id*. Jones ordered Petitioner to drop the sheet pan and Petitioner complied. *Id*.

After the fight, while being escorted to the Special Housing Unit, Garcia-Villa stated that the fight was because he was removed from his food service job and Petitioner had replaced him. (Doc. 8-1, p. 22). Garcia-Villa further stated that Petitioner had complained to staff about the Common Fare meals (certified religious diet meals) and Garcia-Villa believed those complaints led to his job loss. *Id*.

On January 25, 2010, Petitioner appeared before DHO Belinda Auterson. (DHO Auterson).[2] (Doc. 5, p. 20). At the hearing, Petitioner argued the incident report and photo showed he was not the aggressor, but the victim. (Doc. 8-1, pp. 13-14). Citing the eye witness testimony from staff member Jones and the testimony from Lieutenant Wells about the incident, DHO Auterson found the greater weight of the evidence showed Petitioner did commit the prohibited act of Fighting with Another Person. (Doc. 8-1, p. 14). In disagreeing with Petitioner's claim that he was passive victim of assault, DHO

---

[2] On December 30, 2009, Petitioner was advised of his rights for the upcoming DHO hearing. (Doc. 8-1, pp. 28-29). Petitioner did not request a staff representative or witnesses. (Doc. 8-1, p. 29).

- 2 -

Auterson noted "[Petitioner] would not have re-entered the kitchen area with a sheet pan in [his] hands in an aggressive manner prepared to engage inmate Garcia-Villa if [Petitioner] weren't a willing participant in this physical altercation." (Doc. 8-1, p. 14). DHO Auterson imposed sanctions of loss of 27 days Good Conduct Time and 30 days of disciplinary segregation. (Doc. 8-1, p. 14).

In his Habeas Petition, Petitioner claims that his due process rights were violated because prison staff retaliated against him for complaining about the preparation of the Common Fare meals by Garcia-Villa by firing Garcia-Villa from the job and giving that job to Petitioner. (Doc. 5, p. 4). Petitioner argues his placement in the kitchen was dangerous and ultimately led to the assault. He further argues prison staff manipulated the investigation and DHO hearing "so as to assure that Petitioner was charged with fighting." *Id*. The Government contests the Habeas Petition, arguing (1) Petitioner failed to exhaust all available administrative remedies; and (2) the DHO's decision is supported by "some evidence." The magistrate judge recommends the District Court, after independent review, deny the Habeas Petition. DHO Auterson's determination that Petitioner was involved in the fight satisfies the some evidence standard.

**Jurisdiction of the Court**

A habeas petition challenging the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000). A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Brittingham v. United* States, 982 F.2d 378, 379 (9th Cir.1992) (internal quotation and citation omitted).

In this case, Petitioner challenges the loss of good time credit without due process in a disciplinary hearing. Petitioner is challenging the legality of the manner in which his sentence is being executed. Petitioner was incarcerated in Safford, Arizona, within the jurisdiction of the Arizona District Court, when he filed the Habeas Petition. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990) ("jurisdiction attaches on the initial filing for

- 3 -

habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change." (internal citation omitted)). Thus, this Court has jurisdiction over this matter.

**Exhaustion of Administrative Remedies**

Federal prisoners must generally exhaust administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986). Failure to exhaust administrative remedies before bringing a habeas petition under § 2241 may warrant dismissal of the petition. *Id*. The Federal Bureau of Prisons (BOP) establishes administrative remedy procedures that an inmate in federal prison must follow to seek review of any aspect of imprisonment. *Id*.

To appeal a DHO decision, inmates are required to appeal "initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2). For most other types of appeals, inmates are required to begin with an informal appeal within their institution. 28 C.F.R. § 542.13. Appeals from DHO decisions are an exception to this general rule. *See* 28 C.F.R. § 542.13(b). An inmate appealing a DHO decision begins with the regional director because "[t]he decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the discipline policy and by appeal through the Administrative Remedy program." P.S. 5270.09, § 541.8(i), p. 35, Inmate Discipline Program, Effective August 1, 2011.

The record indicates Petitioner struggled to exhaust his administrative remedies. Petitioner received a disciplinary hearing with the DHO Auterson on January 26, 2010. (Doc. 5, p. 18). Based on the evidence presented, DHO Auterson found that Petitioner engaged in a physical altercation with another individual, in violation of the prohibited act of Fighting with Another Person, Code 201. (Doc. 5, pp. 18-19). On March 29, 2010, Petitioner filed a regional administrative remedy appeal with the Regional Director. (Doc. 5, p. 21). Petitioner's appeal identified the date of the fight, discussed details about the DHO's decision and requested "the imposition of a less severe sanction." (Doc. 5, p. 21). Rather than address the appeal on the merits, the Regional Director determined the appeal

was focused on Petitioner's job assignment of working in the kitchen and therefore, the Director found Petitioner was required to attempt informal resolution at his institution before applying to the Regional Director. (Doc. 5, p. 22). The Regional Director returned Petitioner's appeal to him and told him to file a BP-9 with his institution. On April 28, 2010, Petitioner then filed an appeal to the Central Office again asking that his appeal of the DHO's decision be heard and "that the incident be expunged from my record and my good time be restored." (Doc. 5, p. 23). The Administrative Remedy Coordinator at the Central Office, like the Regional Director, characterized Petitioner's appeal as a job assignment complaint and rejected the appeal. (Doc. 5, p. 24). The Coordinator stated Petitioner must first file his appeal at the institutional level. (Doc. 5, p. 24).

The administrative exhaustion requirement is judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995). "Because exhaustion is not statutorily required, it is not jurisdictional." *Id*. (internal citation omitted). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*. (internal citation omitted).

The BOP incorrectly characterized Petitioner's appeals. While not eloquently stated, Petitioner's administrative appeals challenged the decision of the DHO and the loss of his good time credit. In both appeals, Petitioner referenced the fight and the DHO report and for relief he requested restoration of his good time credit. Petitioner was not appealing his job assignment. Requiring administrative exhaustion is meant, in part, to give the agency an opportunity to "correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). The exhaustion requirement shows deference to Congress' decision that independent administrative tribunals should serve as the initial forum for dispute resolution, and respects administrative autonomy by minimizing unnecessary judicial intervention. *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir.1991).

The BOP had the opportunity to resolve Petitioner's appeal. By filing his appeal with the Regional Director and then the Central Office, Petitioner followed the requirements for appealing the DHO's decision.[3] 28 C.F.R. § 542.14(d)(2). The Court finds Petitioner's failure to exhaust his administrative remedies should be excused. He attempted to exhaust those remedies and the BOP did not consider his appeals.

**Due Process Review of Disciplinary Hearing**

Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624. Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. *Wolff v. McDonnell,* 418 U.S. 539, 556–557 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney,* 831 F.2d 183, 186 (9th Cir.1987) (citing *Wolff,* 418 U.S. at 563–566). "The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.* (citing *Wolff,* 418 U.S. at 566.)

Once these *Wolff* procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the DHO relied in making its findings to determine if the decision is supported by "some evidence." *Superintendent, Mass. Corr. Inst. Walpole v. Hill,* 472 U.S. 445, 455 (1984) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board"). With the some evidence standard, the relevant question for a court to ask is: "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-456 (internal citations omitted).

Petitioner does not contend and the evidence does not show that Petitioner was denied any of the procedural protections identified in *Wolff*. Petitioner received a copy of the incident report; he was advised of his rights including the right to call witnesses and

---

[3] There is some question to this Court as to whether Petitioner timely filed his appeal to the Regional Director. Briefing on this issue is not necessary as the Magistrate Judge recommends finding the Habeas Petition fails on the merits.

- 6 -

present evidence at the DHO hearing. (Doc. 5, p. 17; Doc. 8-1, pp. 28-29). He was given a copy of the DHO's report and there is no evidence that DHO Auterson was not impartial. (Doc. 5, pp.18-19).

Further, DHO Auterson's decision that Petitioner was an active participant in the fight is supported by the evidence and exceeds the some evidence standard. DHO Auterson relied on statements provided by a staff member who witnessed the incident. The witness, Jones, stated that he saw Petitioner run out of the kitchen and then re-enter it holding a sheet pan in an aggressive manner. (Doc. 8-1, p. 17). In her report from the hearing, the DHO stated: "the DHO considered [Petitioner's] contention that [he was] the victim, however, believes [Petitioner] would not have re-entered the kitchen area with a sheet pain in [his] hands in an aggressive manner prepared to engage inmate Garcia-Villa if [he wasn't] a willing participant in this physical altercation." (Doc. 8-1). Petitioner had the opportunity to escape the fight. He had left the kitchen and chose to re-enter the kitchen armed with the sheet pan. His decision to re-enter the kitchen was witnessed by a staff member who stated Petitioner was holding the sheet pan in an aggressive manner. All this evidence supports the DHO's decision. The Habeas Petition should be denied.

The Magistrate Judge's conclusion is unchanged by Petitioner's claims that he was put in a dangerous situation when prison staff had him work in the kitchen or that the DHO hearing was manipulated so that the DHO found Petitioner committed the act of fighting. DHO Auterson considered the memorandum from Lieutenant Wells who heard Garcia-Villa state that the fight was because Garcia-Villa lost his job when Petitioner complained about the Common Fare meals. Ultimately, DHO Auterson found Petitioner committed the act of fighting with another person when he elected to re-enter the kitchen armed with the sheet pan.

**Recommendation**

Based on the above, the Magistrate Judge recommends that the District Court DENY the Petition for Writ of Habeas Corpus. (Doc. 5).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-571-TUC-FRZ.**

Dated this 23rd day of July, 2012.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE